UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CARL CARR,

       Plaintiff,

v.

NA OUISHA WILKERSON, et al.,

       Defendants.
_____/

Case No. 2:24-cv-11508
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 29)

### A.  Instant Motion

Thomas Carl Carr, a parolee, brings this complaint under 42 U.S.C. § 1983. He alleges violations of his Eighth and Fourteenth Amendment rights.  Currently, before the Court is Plaintiff's letter requesting information about "my legal representation (if any), as I am not receiving anything from any attorney working on my behalf."  The letter also requests that the Court let him know who his attorney is, for contact information for the attorney and that "an attorney be assigned" if there isn't one already. (ECF No. 29.)  It is unclear whether Plaintiff is making these requests believing that they are in the context of a criminal proceeding (such as an appeal or *habeus corpus* petition), or if he appreciates that the instant matter is only civil in nature.  In light of the nature of this case, the

Court will construe this as a motion for appointment of counsel, based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* civil proceedings.

**B.     Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphases added).

In civil cases, appointment of counsel under § 1915(e)(1) is not a constitutional right; it is a privilege that is justified only by exceptional circumstances. *See Hendrix v. Hudson*, No. 20-13200, 2022 U.S. Dist. LEXIS 254213, at *2 (E.D. Mich. Aug. 9, 2022). Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

## C. Analysis

### 1. Probable merit of Plaintiff's claims

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono* counsel who are willing and available and the large number of those who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. Here, the Court has not yet ruled on Defendants' (Wilkerson and Nyamu's) motions to dismiss or on their motions for summary judgment. (ECF Nos. 16, 19.) Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature.

2.   **Nature of the case and complexity of the issue**

Plaintiff's legal claims are based on alleged violations of his Eighth and Fourteenth Amendment rights by Defendants. Plaintiff claims that Defendants conspired to deny him mental health services and medicine that were essential to his mental health for 39 days. (ECF No. 1, PageID.5-6)

It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment violations, including denial of treatment and medication related claims, are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment deliberate indifference to medical needs claims were not complex).

3.   **Indigency and ability of Plaintiff to represent himself**

Plaintiff does not contend that he is unable to afford counsel in his motion. (ECF No. 29.) Plaintiff does not present an inability to represent himself in his motion to appoint counsel. (*Id.*) Plaintiff does not give any explanation as to why he is requesting legal representation other than, "I would like to know who my lawyer is and request contact information . . . [i]f I do not have legal representation then I am requesting that a lawyer be assigned." (*Id.*) In any case, indigency alone

is not enough to convince the Court to engage in a search for counsel at this early stage of the proceedings, and being a non-lawyer is likewise neither unusual nor an extraordinary circumstance. There is simply no right to counsel in civil cases filed by indigent *pro se* litigants. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded.

**D. Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 29) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[1]

Dated: June 23, 2025

_____
Anthony P. Patti
United States Magistrate Judge

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).