UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CARR,

        Plaintiff,

v.

NaQUISHA WILKERSON et al.,

        Defendants.

Case No. 2:24-cv-11508
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 12, 16 & 19 )

**I.**     **RECOMMENDATION**: The Court should **GRANT** Defendants' motions to dismiss. (ECF Nos. 12, 16, 19.)

**II.**     **REPORT:**

    **A.**     **Background**

    Plaintiff Thomas Carr, a state prisoner, initiated this action *in pro per* on June 10, 2024 against Defendants NaQuisha Wilkerson, Junetta Nyamu, and Francisca Nwoko.[1]  (ECF No. 1.)  Plaintiff alleges that "each defendant condoned and participated in a conspiracy to violate [his] right to mental health services" and

_____

[1] The pleadings list the Defendants as "NaOuisha" and "Ngamu," but subsequent filings have identified them as "NaQuisha" and "Nyamu."  (ECF No. 16, ECF No. 19.)  The Court will adopt the spellings from the subsequent filings.

that they denied him "medication need for [his] treatment of anxiety for 39 days" in violation of the Fourteenth and Eighth Amendment.  (ECF No. 1, PageID.5.)

Plaintiff asserts that between November 6, 2023 and December 17, 2023, Defendants refused him anxiety mediation and "created a narrative" that although he needed medication, his need was "not as severe as other patients" and Defendants then used this story as a "justification to deny [him] an interview with Dr. Hill."  (ECF No. 1, PageID.6-7.)  Plaintiff contends that he was in severe distress which caused a "risk of further cardiac issues where he already had a stroke."  (ECF No. 1, PageID.8.)

The matter was referred to me by Judge Laurie J. Michelson "for all pretrial proceedings, including a hearing and determination of all non‑dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 8, PageID.32.)

All three Defendants filed motions to dismiss.  (ECF Nos. 12, 16, 19.) Defendant Nwoko argues that Plaintiff's complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  (ECF No. 12.) Likewise, Defendants Wilkerson and Nyamo argue that Plaintiff's complaint is subject to dismissal under Rule 12(b)(6), and also that Plaintiff failed to exhaust

his administrative remedies before initiating the lawsuit and therefore they are entitled to summary judgment under Federal Rule of Civil Procedure 56.

After the motions to dismiss were filed, the case entered a bit of a holding pattern when Defendant Nwoko filed a "Notice of Automatic Stay," informing the Court that Wellpath, LLC, and certain of its debtor affiliates, had filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.  (ECF No. 21.) Defendant Nwoko asserted, that as a contractor for Wellpath, the stay extended to this action.  (ECF No. 21 & 22.)  The Wellpath Bankruptcy impacted hundreds of cases across the nation, including dozens in this District and on this Court's docket. As such, the Court kept itself apprised of the status of the Wellpath Bankruptcy action.  On August 5, 2025, the Court issued a Text-Only Order noting that it was the Court's understanding that the Wellpath Bankruptcy had concluded, and that all impacted plaintiffs were required to opt-out of the bankruptcy plan by July 30, 2025. The Court directed Defendants to determine whether Plaintiff had opted out of the plan, and to apprise the Court as to whether the pending motions were ripe and ready for determination.  All three defendants filed status reports indicating the motions were ready for review.[2]  (*See* ECF Nos. 33, 34, 35, 36.)

_____

[2] Defendant Nwoko, who initially filed the Notice of Stay, indicated that after diligent efforts, she could not determine whether Plaintiff had opted in to the Bankruptcy Plan. (ECF Nos. 35 & 36.)  Defendant Nwoko nonetheless urged the

### B.     Standard

When deciding a motion to dismiss under this Fed. R. Civ. P. 12, the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### C.     Discussion

All three Defendants argue that Plaintiff's bare-bones complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8 and is

---

Court to resolve her pending motion.  (ECF No. 35.)  The Court is left with two possibilities: either Plaintiff opted in to the Bankruptcy Plan, in which case her instant claim should be dismissed as moot, or Plaintiff opted out of the Bankruptcy Plan, in which case the motions are ripe for determination.  Since either option results in a recommendation of dismissal, I have concluded it is not improper to issue this Report and Recommendation on the pending motions to dismiss.

therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  The

Court should agree.

### 1.  Failure to State a Claim

Pleadings and motions are governed by Fed. Rules Civ. P. 7 to 15.  A

pleading that states a claim for relief must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

As the Supreme Court has instructed:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
> contain a "short and plain statement of the claim showing that the
> pleader is entitled to relief."  As the Court held in *[Bell Atl. Corp. v.*
> *Twombly*, 550 U.S. 544 (2007)], the pleading standard Rule 8
> announces does not require "detailed factual allegations," but it
> demands more than an unadorned, the-defendant-unlawfully-harmed-
> me accusation. . . . A pleading that offers "labels and conclusions" or
> "a formulaic recitation of the elements of a cause of action will not
> do."  Nor does a complaint suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal citations omitted).  The

Supreme Court further stated:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face."  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that
> are "merely consistent with" a defendant's liability, it "stops short of
> the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The goal of the complaint is to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bommarito v. Equifax Information Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007)) (further internal citations omitted).

Where, as here, Plaintiff brings his claim under 42 U.S.C. § 1983, Plaintiff is required to make allegations of personal involvement. "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr*., No. 1:13CV131, 2014 WL 1255910, at *5 (W.D. Mich. Mar. 26, 2014) *(quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

Plaintiff fails to meet these standards. To begin, it is evident from the motions filed by Defendants that they are not even entirely sure what claim is

being asserted against them.  Although Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments, his factual assertions state that Defendants participated in a conspiracy. (ECF No. 1, PageID.5, 6, 7.)  Defendant Wilkerson reads the complaint as asserting only a conspiracy claim (ECF No. 16), Defendant Nwoko reads the complaint as bringing a claim for deliberate indifference to a serious medical condition (ECF No. 12), and Defendant Nyamu, who filed her motion to dismiss after the other two motions, moves to dismiss any claim for conspiracy or for deliberate indifference (ECF No. 19).  Plaintiff's complaint is indeed so vague as to make it difficult to discern what claim it asserts and whether it asserts one or two claims against Defendants.

### a.  Conspiracy Claim

To bring a claim for a civil conspiracy Plaintiff must allege there was (1) "a single plan;" that (2) "the alleged coconspirators shared in the general conspiratorial objective;" that (3) "an overt act was committed in furtherance of the conspiracy;" and, (4) that the overt act "caused injury to the complainant."  *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); s*ee also Maxwell v. Dodd*, 662 F.3d 418, 422 (6th Cir. 2011).  Plaintiff's complaint wholly fails to make any allegations with respect to these elements.  Plaintiff alleges, in a strikingly conclusory fashion, that each Defendant "condoned," "participated" or "acted" in a conspiracy (ECF No. 1, PageID.5,6) and that they "created a narrative." (ECF No. 1, PageID.7)  But

no details of the alleged conspiracy are provided.  While every factual detail need not be provided, it is not enough to allege simply that Defendants conspired against Plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Indeed, there is no factual information provided as to *how* or *when* Defendants allegedly formed a conspiracy.  Instead, the only details provided suggested the Defendants acted separately on different dates. This much is discernible from Plaintiff's form complaint, which responds to targeted questions.  (ECF No. 1.)  In response to the question, "What date and approximate time did the events giving rise to your claim(s) occur?," Plaintiff responded: "Nyamu 11-28-23, 11-29-23, 11-23," "NaQuisha Wilkerson 12-1-23," and "Psychiatrist Nwoko 12-15-23."  (ECF No. 1, PageID.6.)

It is true that the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'"

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).[3]

    Here, Plaintiff's pleading simply does not meet the requirements of Rule 8 to

put Defendants on notice of any conspiracy claim alleged against them.  And the

lack of any details whatsoever subjects any such claim to dismissal under Rule

12(b)(6) for failure to state a claim.  A conspiracy cannot exist in a vacuum.  It

must relate to an identifiable agreement to "commit an unlawful act" and be

"coupled with an intent to achieve the agreement's objective." *Black's Law*

*Dictionary*, "Conspiracy" (10th ed.).  And a civil conspiracy must "cause damage to

a person or property." *Id*.  Given the vagaries of the complaint, the underlying

unlawful acts are unclear to the Court and the defendants.  In other words, the

alleged conspiracy must be derivative of *something else*, and here, both that

"something else" and the alleged agreement itself are not apparent.  Moreover,

even if, for the sake of argument, the Court construed Plaintiff's pleading as

alleging an agreement to be deliberately indifferent to his medical needs, the

underlying premise of such an agreement, namely, deliberate indifference in

---

[3] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL
2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's
failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic
pleading requirements, including Rule 12(b)(6).").

violation of the Eighth Amendment, does not withstand scrutiny under Rules 8 and 12, for the reasons stated below.

### b. Deliberate Indifference Claim

Arguably Plaintiff is also attempting to allege deliberate indifference to a serious medical need in violation of the Eighth Amendment. "It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[A] prison official violates the Eighth Amendment only when two requirements are met." *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'" (*Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).) Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). Put another way, "[t]he Eighth Amendment's deliberate indifference framework includes both an objective and subjective prong." *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (citing *Farmer*, 511 U.S. at 834).

### i. Objective Prong

"[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore*

*v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (citation omitted).

Plaintiff's pleading alleges that he was "in severe distress" due to a "denial of his

anxiety medication." (ECF No. 1, PageID.8.) He states that he was denied

medicine that was "essential to treating my medical health diagnosis (severe

anxiety)" (ECF No. 1, Page ID.6), but he does not allege when or by whom he had

been diagnosed with "severe anxiety," that he had been treated for anxiety while

incarcerated, or that he exhibited any outward signs of anxiety such that would

make his condition objectively obvious. He mentions that in the past he had

"already had a stroke," but there is no indication in the complaint that the stroke

was linked to his anxiety or that the stroke occurred while incarcerated, or that

Defendants even knew of his previous stroke. Indeed, Plaintiff's complaint does

not allege even that he suffered any objective injuries due to Defendants' purported

behavior, such that they might be alerted to an obvious condition. At most he

alleges that he was in "severe distress" and that he was at "risk of further cardiac

issues" (ECF No. 1, PageID.8), but there is nothing on the face of Plaintiff's

complaint to infer that Plaintiff's self-assessed "anxiety" was diagnosed by a

physician as a condition "mandating treatment," or one that "even a lay person

would easily recognize the necessity for a doctor's attention.'" *Blackmore*, 390

F.3d at 897. Thus, Plaintiff's complaint fails to plead sufficient facts to meet the

objective component of the Eighth Amendment test.

### ii. Subjective Prong

Assuming, *arguendo*, the objective component can be satisfied, Plaintiff's complaint fails to allege sufficient facts to show the subjective prong. "Under the subjective prong, an official must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety.'" *Wilson*, 961 F.3d at 840 (quoting *Farmer*, 511 U.S. at 837).

> [I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk. [P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.

*Wilson*, 961 F.3d at 840 (internal quotations and citations to *Farmer*, 511 U.S. at 836, 842, 844 omitted). In addition, the Sixth Circuit distinguishes between "cases where the complaint alleges a complete denial of medical care" and "those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's complaint says very little about his allegations, what steps he took to secure medication, what Defendants knew of his condition, or what efforts Defendants took to treat his alleged anxiety. Plaintiff alleges that he was denied anxiety mediation for 39 days, but his response briefs clarify that Defendants "changed [his] prescription." (ECF No. 17, 124; ECF No. 26, PageID.252.) Specifically, Plaintiff alleges in his response briefs that Defendants changed his prescription and that, *in his*

*own assessment*, the new prescription would not work and that it was not until his

sister was "able to reach someone in Lansing" that the matter was addressed.  (ECF

No. 17, 124; ECF No. 26, PageID.252.)  Plaintiff further states that "they made [him]

stand in line every day only to have to refuse the wrong medication."  (ECF No. 17,

124; ECF No. 26, PageID.252.)   Thus, while the complaint has no allegations about

the subjective prong, his response brief suggests that Defendants did not deny him

medication entirely, but that they prescribed a different medication for his condition,

which he refused to take, which allegedly constituted "extreme negligence" by

Defendants.

Taking Plaintiff's argument in his response brief, "this is not a case involving

cursory treatment amounting to no treatment at all."  *Rhinehart v. Scutt*, 894 F.3d 721,

739 (6th Cir. 2018).  It is not enough to allege disagreement with a medication choice

or treatment plan.  While "in some cases the medical attention rendered may be so

woefully inadequate as to amount to no treatment at all[,]" where "a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment,

federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law."  *Westlake*, 537 F.2d at 860 n.5

(internal and external citations omitted).  *See also Alspaugh v. McConnell*, 643 F.3d

162, 169 (6th Cir. 201 (quoting *Westlake*, 537 F.2d at 860 n.5).  Moreover:

> . . . in the medical context, an inadvertent failure to provide adequate
> medical care cannot be said to constitute "an unnecessary and wanton

13

> infliction of pain" or to be "repugnant to the conscience of mankind."
> Thus, a complaint that a physician has been negligent in diagnosing or
> treating a medical condition does not state a valid claim of medical
> mistreatment under the Eighth Amendment.  Medical malpractice does
> not become a constitutional violation merely because the victim is a
> prisoner.  In order to state a cognizable claim, a prisoner must allege acts
> or omissions sufficiently harmful to evidence deliberate indifference to
> serious medical needs.  It is only such indifference that can offend
> "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).  Thus, Plaintiff would need to plead

more than medical malpractice or negligence – or plead more than a mere

disagreement with medication choice or treatment plan – to survive a Fed. R. Civ. P.

12(b)(6) motion to dismiss on an Eighth Amendment deliberate indifference claim.

Indeed, "[a] mere difference of opinion between the plaintiff and his doctor regarding

diagnosis and treatment does not state a claim under the Eighth Amendment."  *Selby v.

Martin*, 84 F. App'x 496, 499 (6th Cir. 2003) (referencing *Estelle*, 429 U.S. at 107;

*Westlake*, 537 F.2d at 860 n.5).  Although "fundamental fairness and our most basic

conception of due process mandate that medical care be provided to one who is

incarcerated and may be suffering from serious illness or injury[,]" that "is not to say

that every request for medical attention must be heeded . . . ."  *Westlake*, 537 F.2d at

860.  *See also Finley v. Salmi*, 827 F. App'x 575, 576 (6th Cir. 2020) (affirming

summary judgment in a case where Plaintiff alleged that corrections officers failed to

prevent him from engaging in self-harm, and that the officers and nurses did not

properly treat his physical injuries or mental illness, noting that "[t]o establish an

Eighth Amendment violation … it is insufficient to second guess medical judgments concerning the adequacy of the treatment provided.") (referencing *Rouster v. County of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014)); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (disagreement with medical treatment is insufficient to state a constitutional or federal claim).

And with respect to the specific criticism raised here, *i.e.*, the choice of medication, "the Eighth Amendment does not guarantee an inmate his choice of treatment or the right to dictate the type or dosage of medication prescribed to him." *Henderson v. Tanner*, Case No. 15-804, 2019 WL 885914, at *5 (M.D. La. Feb. 22, 2019) (internal quotations and external citations omitted). For these reasons, Plaintiff's pleading does not adequately allege the subjective component of an apparent Eighth Amendment deliberate indifference claim, *i.e.*, whether Defendant had a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297).

## D.    Conclusion

Accordingly, whether Plaintiff is attempting to bring a conspiracy claim, a claim for deliberate indifference, or both, his pleading is too sparse in details to state a claim upon which relief can be granted. This Court has previously held that "bare-bones legal conclusions surrounded by 'threadbare recitals of the elements of a cause of action' cannot survive a motion to dismiss." *Moralez v. Moore*, No. 17-10567, 2018 WL 1406842, at *4 (E.D. Mich. Mar. 21, 2018) (Michelson, J.)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Without further specificity

about Defendant's alleged actions, the pleading does not satisfy Fed. R. Civ. P.

8(a)(2)'s requirement to provide Defendant with "'adequate notice of the claims

against them and the grounds upon which each claim rests.'"  *Lee v. Ohio Educ. Ass'n*,

951 F.3d 386, 392-393 (6th Cir. 2020) (quoting *Vibe Micro, Inc. v. Shabanets*, 878

F.3d 1291, 1295 (11th Cir. 2018)).  *See also K.O. v. G6 Hosp., LLC*, No. 22-11450,

2024 WL 1396269, at *5 (E.D. Mich. Mar. 31, 2024) (Behm, J.) (quoting *Lee*).

The Court should therefore **GRANT** Defendants' motions to dismiss.[4] (ECF

No. 12, 16, 19.)

---

[4] Because I recommend granting Defendants' motions to dismiss under Fed.
Rule of Civ. P. 12(b)(6), the Court need not address Defendant Wilkerson and
Nyamu's alternative argument that Plaintiff did not exhaust her administrative
remedies. Although I have not provided a full analysis, I do note that Defendants
appear to have met their burden of identifying evidence that Plaintiff did not
properly exhaust his administrative remedies.  And Plaintiff has not produced any
evidence to the contrary.  *See Wrench LLC*, 256 F.3d at 453 ("Once the moving
party satisfies its burden, 'the burden shifts to the nonmoving party to set forth
specific facts showing a triable issue.'") (citation omitted).  Indeed, in Plaintiff's
response brief, he does not even mention Defendants' failure to exhaust argument,
focusing only on Defendants' arguments under Fed. R. Civ. P. 12(b)(6).  (ECF No.
26.)  As such, and as Defendants point out, Plaintiff has waived any opposition to
the failure to exhaust argument. (*See* ECF No. 30, PageID.263 (*citing Ritchie v.
Coldwater Comm. Sch.*, 947 F. Supp. 2d 791, 825 (W.D. Mich. 2013)) & ECF No.
28, PageID.257 (same).)

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within **14 days** of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than **7 days** after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  August 29, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE