UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS CARR,<br><br>    Plaintiff,<br><br>v.<br><br>NaQUISHA WILKERSON et al.,<br><br>    Defendants. | Case No. 24-11508<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [37] AND GRANTING DEFENDANTS' MOTIONS TO DISMISS [12, 16, 19]**

Thomas Carr filed this *pro se* case under 42 U.S.C. § 1983 against NaQuisha Wilkerson, Junetta Nyamu, and Francisca Nwoko, alleging that in November and December of 2023, they deprived him of essential mental health treatment in violation of the Eighth and Fourteenth Amendments, including, among other things, by denying him necessary anxiety medication for 39 days. (*See* ECF No. 1.) In response, Nwoko filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Wilkerson and Nyamu each filed separate motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and for summary judgment based on Carr's purported failure to exhaust his administrative remedies. (ECF Nos. 16, 19.) The Court referred all pretrial proceedings to Magistrate

Judge Anthony P. Patti. (ECF No. 8.) Now before the Court is Judge Patti's Report and Recommendation to grant the motions to dismiss. (ECF No. 37.) [1]

At the conclusion of the August 29, 2025, Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.299.) Under Federal Rule of Civil Procedure 6(d), since Carr was served via mail, three days are added to the objection period. The prison mailbox rule also applies, so Carr's objections would be considered filed when he delivered them to

---

[1] At the time of Carr's alleged injury, Defendant Nwoko was employed by Wellpath, LLC. (ECF No. 25, PageID.229.) In November 2024, Wellpath petitioned for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. (*Id.* at PageID.229–230.) On May 1, 2025, that court entered an order confirming a Chapter 11 Plan ("The Plan") to reorganize Wellpath and restructure its debt. *In re Wellpath*, No. 24-90533 (Bankr. S.D. Tex. May 1, 2025), ECF No. 2596. The Plan contained a Third-Party Release provision that relieved Wellpath and Wellpath employees of all claims, interests, and causes of action accrued by incarcerated individuals prior to the Plan's effective date, unless the prisoner affirmatively opted out of the release no later than 90 days after the Confirmation Date. (*Id.* at PageID.82, 128–136.)

Nwoko says that, despite a diligent inquiry, she was unable to verify whether Carr timely opted out of the Plan to preserve his claims against her. (*See* ECF Nos. 35, 36.) Judge Patti nonetheless "concluded it is not improper to issue [the] Report and Recommendation on the pending motions to dismiss." (ECF No. 37, PageID.286 n.2.) If Carr failed to opt out, explained Judge Patti, his claims against Nwoko would be released and her motion would be rendered moot, and if Carr did opt out, his claims against Nwoko would still be dismissed for the reasons set forth in the Report and Recommendation. (*Id.*) Either path, continued Judge Patti, results in the dismissal of Carr's claims against Nwoko. This Court agrees and thus adopts Judge Patti's Report despite the uncertainty surrounding Carr's assent to the Plan.

2

prison authorities for mailing. Those 17 days have passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 37.) It follows that Defendants' Motions to Dismiss (ECF Nos. 12, 16, 19) are GRANTED, and Carr's complaint (ECF No. 1) is DISMISSED. A separate judgment will follow.

SO ORDERED.

Dated: September 16, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
